THE NEW YORK CITY AND NORTHERN RAILROAD COMPANY, APPELLANT, *v.* THE CENTRAL UNION TELEGRAPH COMPANY, RESPONDENT.

*Telegraph companies cannot erect poles along the line of a railroad—chapter* 471 *of* 1853, *section* 2.

Section 2 of chapter 471 of 1853,—authorizing telegraph companies "to erect and construct, from time to time, the necessary fixtures for such lines of telegraph, upon, over or under any of the public roads, streets and highways, and through, across or under any of the waters within the limits of this State,"—does not authorize them to erect poles or fixtures upon and along the roadway of a railroad company.

APPEAL from an order denying a motion for the continuance of a preliminary injunction.

The plaintiff is a corporation, created under the general law (Laws of 1850, ch. 140) for the formation of railroad companies. Under this law, by purchase and by the proceedings for condemnation authorized therein, it has acquired lands for the purposes of its roadway in the counties of New York, Westchester and Putnam, of which it has taken possession, and upon which it has nearly completed its railway.

The defendant is a corporation, organized under the general law (Laws of 1848, ch. 265 ; Laws of 1853, ch. 471), for the incorporation of telegraph companies. The second section of the act of 1853 is as follows :

" Such association is authorized to erect and construct, from time to time, the necessary fixtures for such lines of telegraph, upon, over or under any of the public roads, streets and highways, and through, across or under any of the waters within the limits of this State, subject to the restrictions in the said recited act contained ; and also to erect and construct such fixtures upon, through or over any other land, subject to the rights of the owner or owners thereof to full compensation for the same ; and if any such association cannot agree with the owner or owners of any land taken or used by such association for the compensation to be paid therefor, it shall and may be lawful for such association, or such owner or owners, to

apply to the County Court of the county in which such lands are, by petition, stating the facts in relation thereto; and after the expiration of twenty-one days from the filing of such petition, and notice thereof given to such association, or to the owner or owners of such land, as the case may be, it shall be the duty of the said court to appoint five disinterested persons to make a just and equitable assessment and appraisal in the manner directed by the said recited act, of the loss or damage, if any, which may have been, or is likely to be, sustained by the owner or owners of such land, taken or used as aforesaid, whilst such land shall have been, or shall continue to be used as aforesaid."

Under a claim of authority derived from the foregoing section, the defendant entered upon the plaintiff's roadway, and commenced the construction of its lines, without the consent of the plaintiff, and without any consultation or arrangement as to their location.

Thereafter the plaintiff obtained an injunction, restraining such intrusion, and, from the order refusing to continue this injunction, the present appeal was taken.

*Grosvenor P Lowrey*, for the appellant. An injunction is the proper remedy for the injury complained of, which is an interference with the exercise of the plaintiff's franchise. (High on Injunctions, §§ 570, 571; Redfield on Railways, 3 ed., vol. 2, pp. 342, 343.) The attempted occupation of the plaintiff's roadway is inconsistent with the use for which that roadway was acquired by the plaintiff. (Mills on Eminent Domain, §§ 59, 208–210; *Jackson* v. *Rutland R. R.*, 25 Vt., 150; *Burnett* v. *N. & C. R. R.*, 4 Sneed, 528; *Brainard* v. *Clapp*, 10 Cush., 11; 1 Redfield on Railways, 347, 3 ed., § 82, ¶ 17; *A. & P. Telegraph Co.* v. *Chi., R. I. & P. R. R. Co.*, 6 Biss., 161, 162.) The statutes from which the defendant claims to derive authority do not contemplate or provide for taking lands already appropriated to a public use. (Cooley's Const. Limitations, 2 ed., p. 530; Mills on Eminent Domain, § 48; *N. Y. & H. R. R. Co.* v. *Kip*, 46 N. Y., 552.) The authority to take lands already appropriated to a public use must be specific. (*Matter of Boston &*

*Albany R. R. Co.*, 53 N. Y., 577, 578; *Matter of City of Buffalo*, 68 N. Y., 167; *'Boston Water-power Co.* v. *B. & W. R. R. Co.*, 23 Pick., 360; *Springfield* v. *Conn. R. R. Co.*, 4 Cush., 71.) If the power is to be derived by implication, such implication must be unavoidable. (*Matter of City of Buffalo*, 68 N. Y., 171, 172, 175.) The statutes on which the defendant relies do not authorize the taking of any lands without previous compensation. (Constitution, art. 1, § 6; *Bloodgood* v. *Mohawk & Hudson R. R.Co.*, 18 Wend., 9; *Garrison* v. *City of New York,* 21 Wall., 204.) Where the property is taken by a private corporation, the uniform and settled construction of the constitutional prohibition is that payment must precede occupation. (*Gardner* v. *Village of Newburgh*, 2 Johns. Ch., 162; *Avery* v. *Fox*, 1 Abb. U. S., 254; *Chapman* v. *Gates*, 54 N. Y., 146; *Loweree* v. *City of Newark*, 38 N. J. L., 151; *Ash* v. *Cummings*, 50 N. H., 591.)

*Charles N. Judson* and *E. H. Benn*, for the respondent. It is not necessary for the defendant, before going on the land and erecting its poles, to assess the damages or take any steps to acquire the right. (Laws of 1853, c. 471, § 2; *Smith* v. *Helmer*, 7 Barb., 417; *Haverhill Bridge Proprietors* v. *County Commissioners*, 103 Mass., 120; *Polly* v. *Saratoga & Washington R. R. Co.*, 9 Barb., 449; *Chapman* v. *Gates*, 46 Id., 318, 319; *Case* v. *Thompson*, 6 Wend., 634; *Rogers* v. *Bradshaw*, 20 Johns., 735; *Loweree* v. *City of Newark*, 38 N. J. Law, 151.) The taking or appropriating of land for the use of a telegraph company is a taking for a public use. (*Pensacola Telegraph Co.* v. *Western Union Telegraph Co.*, 6 Otto, 1; *Concord R. R.* v. *Greeley*, 17 N. H., 47; *New Orleans Telegraph Co.* v. *Southern Telegraph Co.*, 53 Ala., 211; Mills on Eminent Domain, § 21, note 1; *The Boston Water Power Co.* v. *The Boston & Worcester R. R. Co.*, 23 Pick., 360; *Bloomfield Gaslight Company* v. *Richardson*, 63 Barb., 437; *Beekman* v. *The Saratoga & Schenectady R. R. Co.*, 3 Paige, 45; *The People* v. *Kerr*, 27 N. Y., 188–191; *Buffalo & N. Y. R. R. Co.* v. *Brainard*, 9 N. Y., 100; *West River Bridge Co.* v. *Dix*, 6 How., 507; *Rumsey* v. *People*, 19 N. Y., 42; *Stuart* v. *Laird*, 1 Cranch, 316.) The fact that land has been appropriated for

the purpose of a railroad does not give the railroad company an exclusive right thereto, or prevent other corporations from acquiring a right to use it for other corporate public purposes, not destructive of the rights of the first corporation. (*Sixth Ave. R. R. Co.* v. *Gilbert Elevated R. R. Co.*, 3 Abb. N. C., 372; *S. C.*, 43 Superior Ct., 292; *Ninth Ave. R. R. Co.*, v. *New York Elevated R. R. Co.*, 3 Abb. N. C., 346, 347, 353, 354; *Fort Plain Bridge Co.* v. *Smith*, 30 N. Y., 44; *Auburn & Cato Plank R. R. Co.*, v. *Douglas*, 9 N. Y., 451; *Charles River Bridge Co.* v. *Warren Bridge*, 11 Pet., 420; *West River Bridge Co.* v. *Dix*, 6 How., 507.)

GILBERT, J.:

The power granted to the defendant is to " erect and construct from time to time fixtures for lines of telegraph, upon, over or under any of the public roads, streets and highways, and upon, through or over any other land." (Laws of 1853, ch. 471, § 2.) No doubt the Legislature may supplant one public use by another. But the delegation of such a power must be made in express terms or arise by necessary implication. It cannot be implied from a general power to appropriate or to use land generally. Statutes which delegate the power of eminent domain, are not to be extended by inference or implication. (*Rensselaer & Saratoga R. Co.* v. *Davis*, 43 N. Y., 146; In re *Boston & Albany R. R. Co.*, 53 Id., 574; In re *Rochester Water Commissioners*, 66 Id., 413; In re *Buffalo*, 68 Id., 167; In re *New York & Brighton Beach R. Co.*, decided at the last term of this court, 20 Hun, 201.) We think that the plaintiff has not been vested with the power to interfere with the use by the defendant of its roadway. The phrase " public roads," certainly does not embrace railroads outside of streets or highways. Whatever it may signify, it is an inappropriate expression to designate a thing, so long and commonly known by another name, as a railroad. If the Legislature had intended to authorize the use of railroads, they would have said so in plain language, and they would have prescribed the mode of the joint use, so as not to endanger the safety of the operation of the railroad, as they have been careful to do in analogous cases. (Laws of 1850, ch. 140, § 28, subd. 6.)

An injunction is the proper remedy in a case of this kind.

The order appealed from must be reversed, and the motion to continue the injunction must be granted, with $10 costs and disbursements.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Order reversed, with costs and disbursements.